## GLEN FALLS INDEMNITY CO v STATE ex FULTON, Etc, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13230. Decided Feb 13, 1934

H. H. Hoppe, Cleveland, and Taplin & Fillius, Cleveland, for plaintiff in error.

John W. Bricker, Atty. General, Columbus, and M. P. Mooney, Special Counsel, Cleveland, for Superintendent of Banks.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, for County Commissioners.

SHERICK, J (5th Dist), and MIDDLETON and BLOSSER, JJ, (4th Dist) sitting.

**OPINION**

By BLOSSER, J.

For convenience we will refer to the parties as they were styled in the court below.

Under the elementary legal principle that he who asserts must prove it is apparent that as between the plaintiff and the board of county commissioners the burden of proof was on the plaintiff to prove his case. Under the same principle on the issues raised by the indemnity company on its cross petition the burden of proof was on the indemnity company to prove its allegations. But regardless of the burden of proof the record does not show any official action on the part of the county commissioners. The two notes and mortgages in question were delivered by the bank to a clerk of the county commissioners and by him entered in a book called "Securities Journal," but the evidence clearly discloses that the notes and mortgages were never brought before the board of county commissioners while in session for official action and that sitting as an official board they took no action with reference to them. In receiving the notes and mortgages and making an examination of their amount and sufficiency for the purpose of substituting them for the bond of the indemnity company the commissioners would be called upon to use an official discretion. This would require action on their part as a board and not as individuals. §§2403 to 2407, GC, both inclusive, provide rules of action by boards of county commissioners. These statutes were not complied with. It is significant that the commissioners' journal does not contain any statement with reference to the mortgages in question or their attempted substitution for the surety company bond.

Sec 2725 GC provides that when a surety desires to be released from an undertaking given to a county to secure public funds such undertaking may be cancelled by ten days written notice to the county commissioners, county auditor and county treasurer, each separately, and by complying with other terms of the statute. It is admitted that the indemnity company never gave any of these notices. The statute provides that when action of this kind is taken it should be evidenced by resolution spread upon the journal of the commissioners. This was not done.

A serious question is raised by the plaintiff of the authority of the subordinate officers of the bank to deliver the notes and mortgages in question to the clerk of the county commissioners. It is also seriously doubted if the banking corporation had the power and authority under the laws of Ohio to deposit the mortgages in question. In view of our disposition of the case on the grounds stated we do not deem it necessary to express our views on the questions.

The indemnity company claims that under the terms of the bank's application for a bond the bank agreed to hold the company free from all liability by reason thereof and to save it harmless from all loss, and that under principles of equity the surety company would be entitled to the mortgage in question to indemnify it against any loss under its bond for the bank. In answer to this it may be said that the record does not disclose what, if any, liability the surety company will suffer by reason of the acts of the bank. The liability is contingent and it can not now be determined if any loss will be suffered, and if any loss is suffered the amount is yet to be determined.

The indemnity company asserts that it is entitled to the mortgages for the reason that the bank definitely appropriated and set them aside for the purpose of relieving the company from liability on its bond, and

that this gave rise to an equitable lien on the mortgages in its favor, and that this action was taken by the bank in compliance with the terms of its application for the bond which it signed with the surety company. **Pomeroy's Equity Jurisprudence** and other authorities cited in support of this proposition do not support the position of the surety company. At the time the application was signed by the bank it did not set aside, identify or in any manner ear mark the mortgages in question for the purpose of indemnifying the surety company. There could be no equitable lien unless there was an intention to create one on the specific securities at the time the contract was made. The bank at that time was not in a precarious financial condition and the situation that eventually arose was not then in existence.

For the reasons stated we are of the opinion that the surety company must fail on its cross petition. To hold otherwise would give the surety company an illegal preference over the other creditors of the insolvent bank. The surety company is entitled to the rights of a general creditor only.

Without further discussing the facts and authorities we are of the opinion that there is no prejudicial error in the record and the judgment is affirmed.

SHERICK and MIDDLETON, JJ, concur.